CHARLES E. STEWART V. CLARK E. DEMMING

FILED FEBRUARY 17, 1898. No. 7782.

1. **Evidence:** PLEADINGS. A party's own pleading in a cause is not substantive evidence in his own favor of the facts therein alleged.

2. **Trespassing Animals:** DAMAGES: INSTRUCTIONS. An instruction set out in the opinion *held* prejudicially erroneous for ambiguity.

ERROR from the district court of Gage county. Tried below before BUSH, J. *Reversed.*

*Griggs, Rinaker & Bibb,* for plaintiff in error.

*J. N. Rickards* and *Rickards & Prout, contra.*

IRVINE, C.

Stewart sued Demming for damages alleged to have been committed by the animals of the latter upon the cultivated land of the former. In the answer there was a counter-claim, apparently for grain sold and delivered and for work done, but which turned out to be in fact for damage claimed by the defendant to have been done to

his crops by the animals of Stewart, defendant proceeding upon the theory that he was waiving the tort and suing in assumpsit. There was a verdict for the defendant and judgment of dismissal.

It would seem that the case had been begun before a justice of the peace and brought to the district court by appeal. The defendant being on the stand as a witness in his own behalf he was shown a paper and asked: "You may state if that is the bill upon which this case was tried in the lower court." He answered in the affirmative, whereupon the paper was offered in evidence, without further proof, and received over the objection of the plaintiff. It appears to be a bill of items of the damages claimed by the defendant upon his counter-claim, and, so far as the proof goes, it seems to have been the bill of particulars of that counter-claim as filed before the justice. There was no proof of the correctness of the items, and the effect of admitting it in evidence was to make an unsworn pleading in the lower court substantive evidence of the facts alleged therein in favor of the party pleading. It requires neither argument nor citations to demonstrate the error of admitting this evidence. It is claimed in support of the ruling that the evidence was merely introductory to further proof which was excluded, and that the exclusion of the other proof cured the error. The further proceedings in this connection were as follows: "You have seen the amended answer that was filed in this court, have you?" "Yes, sir." "Now you may state how the items in that answer correspond with those that we have just offered in evidence." An objection was then sustained and an offer made to prove that the answer, which had been lost, contained the same items as the bill of particulars in evidence. Of course this offer was denied. The answer in the district court was no more substantive evidence of its allegations in favor of the party pleading than the bill in the lower court, and the loss of the answer did not make proof of its contents admissible.

Stewart v. Demming.

The court instructed the jury upon the measure of damages as follows: "The court instructs the jury that if they believe from the evidence that the defendant's stock trespassed upon the plaintiff's farm and ate up and destroyed the plaintiff's hay and corn as alleged in the petition, and if the jury believe from the evidence that the damages have not been settled or paid for, or such part if any you find has not been paid for, then the jury will find for the plaintiff and assess the amount of his recovery at the market value of such damages at the time the evidence shows the damages, if any, occurred, and not settled for, if any, together with interest thereon at the rate of seven per cent from the 15th day of April, 1891, less the value of said corn claimed for, with interest thereon at seven per cent from the date of the receipt by plaintiff of said corn." The court by this language left to the jury a task as difficult in its interpretation as that of reconciling the conflicting evidence in the case. While we think, after reading the record, that we understand the rule the court was endeavoring to state, it must be admitted that that meaning is derived as much from conjecture as by construction of the language of the instruction, and that twelve men on the jury, unfamiliar with the law on such subjects, would be apt to deduce as many different meanings therefrom. As under the pleadings and the rest of the charge the verdict was probably reached by a balancing of damages on the petition and counter-claim, the ambiguity of this instruction was prejudicial error.

REVERSED AND REMANDED.